UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MORRIS J. WARREN,

        APPLICANT,

v.

TROY WILLIAMSON, WARDEN.
U.S.P. LEWISBURG,

        RESPONDENT,

CIVIL ACTION NO. 08-0119

(JUDGE JOHN D. BATES)

(D.C. 1/4329)

**RECEIVED**

FEB 1 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RELIEF FROM JUDGMENT OR MEMORANDUM
OPINION PURSUANT TO FED. R. CIV. P.
60 (b)(1)(2)(5)(6), FROM THE JUDGE
JOHN D. BATES'S FILED DATE MEMO-
RANDUM OPINION JANUARY 22nd, 2008

    On January 14th, 2008, applicant/petitioner received an Judgment or Memorandum or Order dated November 29th, 2007, where which the content of that Memorandum and Order was for applicant's collateral attack or available remedies or corrective process or D.C. Code 23-§110 (g), be filed in Superior Court For The District Of Columbia/"THROUGH"/United States District Court For The District Of Columbia Circuit, pursuant to Transfer statute 28 U.S.C. § 1404 (a).

    This United States District Court For The District Of Columbia choose instead on January 22nd, 2008, to dismiss the transfer correct- ive process or available remedies or collateral attack or D.C. Code 23- §110 (g), and hold applicant/petitioner accountable for filing a writ of habeas corpus in this District Court, when the United States District Court For The Middle District Of Pennsylvania, Judge Edwin M. Kosik, Presiding, may have "errored" in transferring this collatteral attact, or available remedies, or corrective process, or present this District

Court with an D.C. Code 23-§110 (g), and Order that the D.C. Code 23-§110 (g) be transferred to the proper Superior Court For The District Of Columbia pursuant to 28 U.S.C. § 1404 (a), or § 1631, and or § 1652.

(1) Applicant/petitioner never filed a writ of habeas corpus, applicant/petitioner filed an petition for review, and if the United States District Court For The Middle District Of Pennsylvania con construed the petition as an writ of habeas corpus, it done-so in error.

(2) This United States District Court For The District Of Columbia Circuit can-not direct the dismissal Order of January 22-nd, 2008, to this applicant/petitioner, all replies must be served upon the transferring District Court For The Middle District Of Pennsylvania.

(3) This subject matter is about two "claims", 1)——>"jurisdiction; and 2)——>"exhaustion". The Honorable Odessa F. Vincent, (Judge), entered an Order January 20th, 2006, denying petitioner's petition collateral attact, or available remedies, or corrective process, and or D.C. Code 23-§110 (g), because petitioner lacks jurisdiction to file in the Superior Court for The District Of Columbia, because petitioner is in Federal custody or the Federal Bureau Of Prisons, pursuant to the National Capital Revitalization Self Government Approval Act Of (1997), and all writs or collateral attacts or corrective pro-processing shall be done pursuant to or against the Warden, Mr. Troy Williamson, of the U.S.P. Lewisburg, and because petitioner was no-longer in the District Of Columbia jurisdiction, and the following citations apply, Alston v. United States, 590 A. 2d 514-515 (D.C. 1991), and Williams v. United States, 571 A. 2d 212-213 (D.C. 1990), so-Ordered in case no. F-45263-73B.

On May 14th, 2007, the District Of Columbia Court Of Appeals, For The District Of Columbia, Ruled with the Honorable Judge Odessa F. Vincent, that petitioner lacks jurisdiction, and

cited Alston v. United States, 590 A. 2d 514-515 (D.C. 1991), and Jones v. Jackson, 416 A. 2d 249, 254 (D.C. 1980). The En Banc Court Of Appeals agreed July 31st, 2007.

(4) 28 U.S.C. § 2254 (b)(2)(3)——>"The State, shall not be deemed to have waived the exhaustion "requirement" or be estopped from reliance upon the "requirement" unless the State through Counsel, expressly waives the "requirements".

The United States Supreme Court Ruled in Rose v. Lundy, 455 U.S. 509, 515-520, 71 L. Ed. 2d 379, 385-389, 102 S. Ct. 1198 (1982), that——>"An applicant/petitioner "shall-not" be deemed to have exhausted the remedies available in the Court of the State, within the meaning of 28 U.S.C. § 2254 (b)(2)(3) this scetion, if he has the "right under the Laws of the State to raise, by any available procedures".

In the January 22nd, 2008, Order of this United States District Court For The District Of Columbia Circuit, Judge Presiding, John D. Bates, Memorandum Opinion——>"Challenges of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110 (g), which in relevant part provides:

> "[An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by any Federal... Court if it appears... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention".

The Honorable Judge Odessa F. Vincent, in case No. 45263-73-B, Ruled and Ordered a dismissal of the D.C. Code 23-§110 (g), January 20th, 2006, because applicant/petitioner lacks jurisdiction to exhaust and has to file against his custodian, who is the Warden Troy Willianson, of the Federal Bureau Of Prisons U.S.P. Lewisburg.

The United States District Court for The Middle District Of

Pennsylvania Ruled and Ordered that the exhaustion of applicant's/petitioner's claims must be exhausted first in the State Court or Superior Court Of The District Of Columbia, and transferred applicant's/petitioner's case back to the District Of Columbia or United States District Of Court For The District Of Columbia Circuit, pursuant to 28 U.S.C. § 1404 (a).

This United States District Court For The District Of Columbia Circuit may have missed the jurisdictional meaning or reason for the transfer, and in error dismissed transfer meaning or reason of the transfer. See 28 U.S.C. § 1404 (a). The corrective process is for applicant/petitioner to go back to his jurisdiction for exhaustion requirements.

The District Of Columbia Court Of Appeals has Ruled in Case No. 06-CO-204, May 14th, 2007, that appellant lacks jurisdiction because applicant/petition is "housed" in the Federal Bureau Of Prisons, U.S.P. Lewisburg. See Alston v. United States, 590 A. 2d 514-515 (D.C. 1991); Jones v. Jackson, 416 A. 2d 249, 254 (D.C. 1980); and Williams v. United States, 571 A. 2d 212-213 (D.C. 1990).

It would be "futile" for this prisoner to go back to the Superior Court For The District Of Columbia or it D.C. Court Of Appeals, when applicant/petitioner has been denied access based on "lack of jurisdiction".

Applicant/petitioner can-not file any corrective process because applicant/petitioner has been denied access to "exhaust in that jurisdiction".

(5) This matter deserves the proper transfer to "cure want of jurisdiction as defined in 28 U.S.C. § 1631:

>"Whereever a civil action is filed in a Court as defined in section 610 of this title or an appeal, including a petition for review of "administrative action", is noticed for or filed with such a Court and that Court finds

>that there is a want of juris-
>diction, the Court Shall, if
>it is in the interest of jus-
>tice, "transfer" such action
>or appeal to any other such
>Court in which the action or
>appeal could have been "brou-
>ght" at the time it "was filed"
>or "noticed", and the action
>or appeal "shall" proceed as
>if it had been filed in or
>noticed for the Court to which
>it is transferred on the date
>upon which it was actually
>filed in or noticed for the
>Court from which it is trans-
>ferred".

D.C. Code 23-§110 (g) is available remedy for this applicant/petitioner, and pursuant to 28 U.S.C. § 1652, "State Laws as Rules Of Decision":

>"The Laws of the several States,
>except where the Constitution
>or treaties of the United States
>or Acts of Congress otherwise
>require or provide, shall be
>regarded as Rules of decision in
>civil actions in the Courts of
>the United States, "in cases
>where they apply".

This case is about jurisdiction and exhaustion of available corrective prrcessing or collateral procedures before the proper sentencing Court, where which is the Superior Court For The District Of Columbia.

The Magistrate Judge and the Trial Judge found that "venue" is proper in the United States District Court For The District Of Columbia, but that transfer was in plain error, pursuant to Fed. R. Civ. P. 52 (b), in the United States District Court For The Middle District Of Pennsylvania November 29th, 2007, in case No. 3:07-CV-01717.

It shall be in the interest of justice and all parties and witnesses to transfer this case to proceed in the jurisdiction for which it was intended so that applicant/petitioner can exhaust the D.C. Code 23-§110 (g) that this United States District Court For The District Of Columbia Circuit had dismissed the United States District Court For The Middle

District Of Pennsylvania had transferred this case pursuant to 28 U.S.C. § 1404 (a), venue.

(6) On behalf of The House Report (3214), 80th Congress, 1st. Session 1947-(2007 Ed.), give rise to exhaustion of available remedies, and in such Courts or that such Court have denied this applicant/petitioner of a "fair adjudication" of the legality of my detention under the Constitution and the available Laws of the United States.
The United States Constitution Article XIV (14th), Section 1, (defines), "All persons born or naturalized in the United States, and subject to the Jurisdiction thereof, are citizen of the United States and of the State within "they" reside. No State shall make or enforce any Law which shall abridge the privileges or immunities of citizens of the United States; Nor shall any State deprive any person of life, liberty, or property, without "due process of Law"; Nor deny to any person within it's jurisdiction the equal protection of the Law". Furthermore, The United States Constitution Article IV (4th), Section 1, (defines), "Full faith and credit shall be given in each State to the public Acts, Records, and Judicial proceedings of every other State".

Applicant motion for Relief from Judgment or Order or Memorandum of January 22nd, 2008, in case No. 08-0119, and that applicant's/petitioner's exhaustion rights be carried-out in the sentencing Superior Court For The District Of Columbia, that has original jurisdiction, Pursuant to D.C. Code 23-§110 (g).

Applicant/petitioner can -not file an appeal in this case No. 08-0119, that has not been adjudicated by a writ of habeas corpus, by this applicant/petitioner, nor can this United States District Court For The District Of Columbia Circuit, serve an dismissal opinion on this applicant/petitioner who did not file such writ, or transfer for venue, and therefore, relief from judgment pursuant to Fed. R. Civ. P. 60 (b)(1)(2)(5)(6), is warranted, and the proper United States District Court

For The Middle District Of Pennsylvania shall be served or the proper Superior Court For The District Of Columbia shall be served so that applicant/petitioner can exhaust his rights pursuant to the corrective process or collateral remedies available, or D.C. Code 23-§110 (g).

    This case is about jurisdiction and exhaustion as of right, that this applicant/petitioner has been denied exhaust in the jurisdiction that he was convicted in and sentenced in.

¶ NOTARY PUBLIC ¶
"W. ZEGARSKI, PAROLE OFFICER"
AUTHORIZED BY ACT OF JULY 7, 1955
TO ADMINISTER OATHS
(18 U.S.C. 4004)
DATE: 2/4/08

RESPECTFULLY SUBMITTED,

MORRIS J. WARREN
REG. NO. 05203-016
U.S.P. LEWISBURG
P. O. BOX 1000
LEWISBURG, PENNSYLVANIA 17837